# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### Attorneys at Law

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

**J. Michael Riordan, Esq.**
Tel. (973) 425-8676
jmriordan@mdmc-law.com

May 22, 2014

<u>Via E-Filing and Facsimile</u>

Honorable Paul G. Gardephe, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   In re Application of Dr. Heleen Mees
      Case No. 14-MC-00056-P1

Dear Judge Gardephe:

This firm represents Citigroup Inc. ("Citi")[1] in the above-captioned matter. We are in receipt of Dr. Heleen Mees' (Mees) May 22, 2014 correspondence requesting an Order granting Mees' March 10, 2014 Application pursuant to 28 U.S.C. § 1782(a) (the "Application to Citi"). Specifically, Mees' Application seeks leave to issue subpoenas to Citi for the taking of depositions and the production of documents. Mees filed a similar Application seeking discovery from Willem Buiter ("Buiter") (the "Application to Buiter"), which Judge Preska denied on May 6, 2014. For the reasons detailed below, Citigroup requests that a Scheduling Order be entered allowing time for Citi (and Buiter, whose counsel advised in correspondence today, attached hereto as Exhibit A, that he intends to move to intervene and ultimately request denial of the Application to Citi) to submit any substantive response (Citi proposes June 9, 2014) and scheduling a hearing thereafter.

The procedural history in this matter is relatively straight forward, yet an accurate recitation of recent events is conspicuously absent from Mees' current Application. In sum, although the Application to Citi had yet to be entered by this Court, Citi was prepared to make a production of documents subject to a negotiation of a Consent Protective Order with counsel for Mees and Buiter. However, in the interim, in light of the denial by Judge Preska, on May 6, 2014, counsel for Buiter wrote to counsel for Mees and Citi asking if Mees would withdraw the Application to Citi, as it is premised on the same arguments that Judge Preska rejected in connection with the Application to Buiter. In response, counsel for the Parties all agreed to hold any production of documents in abeyance while Mees considered her options in light of Judge Preska's ruling. Specifically, counsel for Mees advised counsel for Citi as follows:

---

[1] References herein to "Citi" shall mean Citigroup Inc., its subsidiaries, and its and their affiliates, including, but not limited to Citigroup Global Markets Inc.

NEW JERSEY    NEW YORK    PENNSYLVANIA    CONNECTICUT    MASSACHUSETTS    COLORADO    DELAWARE

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

May 22, 2014
Page 2

> I do agree that it makes no sense for Citi to produce any documents if we withdraw the application, so I agree that you should hold off, as we consider the request for withdrawal. In other words, I am not expecting that you produce the documents in the meantime, and I'm not asking or insisting that you do.

May 6, 2014 Correspondence from Olav Haazen to J. Michael Riordan, attached hereto as Exhibit A.

Since making these representations, we have received no communication whatsoever from Mees' counsel indicating whether Mees planned to pursue the Application to Citi, or whether she would withdraw that Application in light of the denial of the Application to Buiter. Now, more than two weeks later, Mees writes to Your Honor requesting an Order be entered as unopposed and ironically suggests a need for exigency.

While Citi did not originally oppose the Application to Citi, the ruling by Judge Preska, at a minimum, called into question the validity of the Application to Citi. As it now appears that Mees will not withdraw the Application to Citi (a decision which apparently took Mees several weeks to reach), the effect of Judge Preska's ruling should be formally addressed, and no Order on the current Application should issue until the Court addresses Citi and Buiter's substantive responses.

In light of the foregoing, Citi requests that the Court deny Mees' request for an Order, and instead enter a Scheduling Order to allow for briefing and argument regarding the effect of Judge Preska's ruling relative to the Application to Citi. Because Mees' request for a May 27, 2014 hearing would not allow sufficient time to brief the issues, Citi requests that the Court afford Citi (and Buiter) until June 9, 2014 to file and serve any substantive responses/cross motions and schedule a hearing thereafter.

Thank you for your consideration of this request. I am serving counsel for Mees and Buiter with a copy of this letter.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

J. Michael Riordan

JMR/lbm

cc: Olav A. Haazen, Esq.
    Adrienne Koch, Esq.

2294929_1

# EXHIBIT A

# KATSKY | KORINS LLP

| MEMBERS OF THE FIRM | | |
|---|---|---|
| ROBERT A. ABRAMS | THOMAS M. LOPEZ | |
| RANDOLPH AMENGUAL | GREGORY K. MARKS | |
| MATTHEW DANOW | NEIL S. MILLER | |
| DAVID L. KATSKY | STEVEN H. NEWMAN | |
| ADRIENNE B. KOCH | MERYL LYNN UNGER | |
| EUGENE V. KOKOT | MARCY L. WACHTEL | |
| ROY M. KORINS | MARK WALFISH | |
| DENNIS C. KRIEGER | JOEL S. WEISS | |
| SIMON LINCOLN | ELIAS M. ZUCKERMAN | |

WRITER'S DIRECT DIAL | (212) 716-3225
WRITER'S DIRECT FAX | (212) 716-3349
WRITER'S EMAIL | akoch@katskykorins.com
OUR REFERENCE |

May 22, 2014

<u>VIA E-MAIL</u>

J. Michael Riordan, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

Olav A. Haazen, Esq.
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, New York 10504

Re: <u>Application of Heleen Mees (No. 14-Misc. 00056-P1)</u>

Dear Michael and Olav:

I understand that this afternoon Olav filed certain supplemental papers and a letter requesting an "immediate" ruling granting the above-referenced application (the "Citi Application") as unopposed.[1] On May 6, however, I wrote to both of you to ask (a) whether Ms. Mees would withdraw the Citi Application in light of Judge Preska's ruling (issued that day) denying Ms. Mees's parallel application for discovery from Mr. Buiter (No. 14-Misc. 00088-P1); and (b) whether, if Ms. Mees would not withdraw the Citi Application, Citi would agree to delay any document production long enough to give Mr. Buiter time to move by order to show cause for appropriate relief against that Application. A copy of that May 6 letter is attached.

---

[1] As you know, Mr. Buiter is not a party to that proceeding. I therefore did not receive electronic notice of any of those filings. I became aware of the filings because Michael kindly forwarded the notices to me. Until that time, I had not received a copy of Olav's letter even though it shows me as a recipient.

**KATSKY KORINS** LLP

J. Michael Riordan, Esq.
Olav A. Haazen, Esq.
May 22, 2014
Page 2

      In response, Michael and his colleague, Cora MacLean, indicated that if Ms. Mees did not withdraw the Citi Application Citi would delay production in order to give me time to make an application on behalf of Mr. Buiter. Olav then indicated that he and his client would "consider the request for withdrawal," and agreed that Citi need not produce any documents until he and his client had "figure[d] out what our position is." A copy of that email chain is also attached.

      Olav's letter to the Court of today's date – which I received only when Michael forwarded it to me (even though on its face it shows a cc to me), and which tells the Court that the Citi Application should now be granted because it is unopposed and because Mr. Buiter has not "sought to intervene or object to [that] Application" – was the next thing I heard in this regard. The assertion that Mr. Buiter neither opposed nor sought to intervene with respect to the Citi Application is at best deeply misleading, inasmuch as we made clear that we stood prepared to do both of those things and only awaited Olav's word as to whether he would instead withdraw that Application (thereby making further action by us unnecessary). Olav, although I would have preferred the courtesy of a different kind of notification, I take it that your letter to the Court means you will not be withdrawing the Citi Application. Accordingly, on behalf of Mr. Buiter, we will move expeditiously for appropriate relief – which will include a request to intervene in this proceeding, a request that the proceeding be assigned to Judge Preska as related to the matter on which she has already ruled with respect to Ms. Mees's parallel application for discovery from Mr. Buiter, and a request that the Citi Application be denied on essentially the same grounds on which Judge Preska already denied that parallel application.

      I see that today Olav also filed supplemental papers with respect to the substance of the Citi Application. Since I only became aware of these about an hour ago, I have not had a chance to review them or to determine whether they will affect how much time it will take to prepare our application. Nevertheless (and given the upcoming holiday weekend), I hope to be in a position to file that application by the end of next week (that is, in five business days), although I may need more time that this if the supplemental papers require a substantial response. In light of the fact that Olav waited twelve business days before giving any indication that he would even press the Citi Application following Judge Preska's ruling, I trust you will both agree that this is reasonable.

      Since my client is not a party to your proceeding (and I therefore cannot make a filing in it unless and until he is given leave to intervene), I request that both of you (a) inform the Court of my position, and let me know right away what (if any) action the Court takes in response to Olav's letter; and (b) inform me immediately of any further filings, rulings or scheduled appearances.

# KATSKY | KORINS LLP

J. Michael Riordan, Esq.
Olav A. Haazen, Esq.
May 22, 2014
Page 3

        Many thanks.

                                Sincerely yours,

                                Adrienne B. Koch

Attachments

cc:    Cora MacLean, Esq. (*by email*)

## Koch, Adrienne B.

| | |
|---|---|
| **From:** | Koch, Adrienne B. |
| **Sent:** | Tuesday, May 06, 2014 3:12 PM |
| **To:** | J. Michael Riordan; Olav Haazen |
| **Cc:** | Cora MacLean |
| **Subject:** | Mees/Citi |
| **Attachments:** | [Untitled].pdf |

Dear Counsel:

Please see attached letter. Thank you.

Best regards,
Adrienne

*Adrienne B. Koch*
*Katsky Korins LLP*
*605 Third Avenue*
*New York, New York 10158*
*www.katskykorins.com*
*tel: 212-716-3225*
*direct fax: 212-716-3349*
*email: akoch@katskykorins.com*

1

# KATSKY | KORINS LLP

MEMBERS OF THE FIRM

ROBERT A. ABRAMS
RANDOLPH AMENGUAL
MATTHEW DANOW
DAVID L. KATSKY
ADRIENNE B. KOCH
EUGENE V KOKOT
ROY M. KORINS
DENNIS C KRIEGER
SIMON LINCOLN

THOMAS M. LOPEZ
GREGORY K. MARKS
NEIL S MILLER
STEVEN H. NEWMAN
MERYL LYNN UNGER
MARCY L. WACHTEL
MARK WALFISH
JOEL S WEISS
ELIAS M. ZUCKERMAN

WRITER'S DIRECT DIAL | (212) 716-3225
WRITER'S DIRECT FAX | (212) 716-3349
WRITER'S EMAIL | akoch@katskykorins.com
OUR REFERENCE |

May 6, 2014

VIA E-MAIL

J. Michael Riordan, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

Olav A. Haazen, Esq.
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, New York 10504

   Re: <u>Applications of Heleen Mees</u>

Dear Michael and Olav:

   As Olav is aware, this morning the Court denied Heleen Mees's application to take discovery from Willem Buiter, on the ground (among others) that the application does not meet the statutory requirements under 28 U.S.C. § 1782. In this regard, the Court found that Ms. Mees had not made the requisite showing that the material she sought was "for use" in a foreign proceeding because she had not tied her discovery requests to any actual need under Dutch pleading requirements. We do not yet have the transcript that contains the full text of that ruling, but will provide it as soon as we receive it (which we hope will be within the next 24 hours).

   We believe that this ruling is dispositive of Ms. Mees's still-pending application to take discovery of Citigroup (the "Citi Application") – which, as we understand it, rests on precisely the same bases as her failed application to take discovery of Mr. Buiter and seeks essentially the same documents and information. Our first question, therefore, is to Olav: now

## KATSKY | KORINS LLP

J. Michael Riordan, Esq.
Olav A. Haazen, Esq.
May 6, 2014
Page 2

that the Court has ruled as a matter of statute that Ms. Mees is not entitled to § 1782 discovery in connection with her anticipated Dutch lawsuit, will Ms. Mees withdraw the Citi Application?

In the event that Ms. Mees will not withdraw the Citi Application, our second question is to Michael. I understand that, prior to today's ruling, Citigroup had agreed to produce certain documents in response to the Citi Application notwithstanding the fact that the application has not yet been ruled upon and no subpoena has issued. In light of today's ruling, if Ms. Mees will not withdraw the Citi Application, will Citigroup agree to delay any production in order to give Mr. Buiter time to move by order to show cause for appropriate relief?

I would appreciate hearing from each of you at your earliest convenience so that we can proceed accordingly. Many thanks.

Sincerely yours,

Adrienne B. Koch

cc:   Cora MacLean, Esq. (*by email*)

## Koch, Adrienne B.

**From:** Olav Haazen [OHaazen@BSFLLP.com]
**Sent:** Tuesday, May 06, 2014 7:35 PM
**To:** 'J. Michael Riordan'; Cora MacLean; Koch, Adrienne B.
**Subject:** RE: Mees/Citi

Michael – like yourself, we are also trying to figure out what our position is. And like yourself and Adrienne, I also need to review the transcript, so I suggest we all do that first when it becomes available. Meanwhile, I do agree that it makes no sense for Citi to produce any documents if we withdraw the application, so I agree that you should hold off, as we consider the request for withdrawal. In other words, I am not expecting that you produce the documents in the meantime, and I'm not asking or insisting that you do.
I need to attend to family matters now. Let's plan on discussing tomorrow afternoon if necessary.

**From:** J. Michael Riordan [mailto:jmriordan@mdmc-law.com]
**Sent:** Tuesday, May 06, 2014 7:00 PM
**To:** Olav Haazen; Cora MacLean; 'Koch, Adrienne B.'
**Subject:** RE: Mees/Citi

Olav-First, we inquired about your position in response to Adrienne's initial question to you.We also advised that if you declined her request or failed to respond that we believe that it is appropriate , given what Ms.Koch relayed transpired in Court today, to hold any production by Citi to afford Ms.Koch the opportunity to make an emergent application to Judge Preska to ascertain if Judge Preska will extend that ruling to any proposed production by Citi.

Please advise if you would like to discuss and in the interest of time we will make ourselves available for a conference call with you and Ms.Koch.

Regards,JMR

**MDMC**
www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**J. Michael Riordan**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
jmriordan@mdmc-law.com
Download vCard
973-425-8676
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

**From:** Olav Haazen [mailto:OHaazen@BSFLLP.com]
**Sent:** Tuesday, May 06, 2014 6:52 PM

1

**To:** Cora MacLean; 'Koch, Adrienne B.'; J. Michael Riordan
**Subject:** RE: Mees/Citi

Cora-

You wrote yesterday that Citi would be making "a complete production on Wednesday" (i.e. tomorrow). Am I reading your message below correctly that it is now Citi's position that it will not make a production while we determine if we will agree to withdraw the application?

Sent with Good (www.good.com)


-----Original Message-----
**From:** Cora MacLean [cmaclean@mdmc-law.com]
**Sent:** Tuesday, May 06, 2014 05:33 PM Eastern Standard Time
**To:** 'Koch, Adrienne B.'; J. Michael Riordan; Olav Haazen
**Subject:** RE: Mees/Citi

Olav,

Please advise if you have a response to Adrienne's question regarding withdrawal of the Citi Application. Given our understanding of today's ruling (subject to receipt of the transcript), if you do not agree to withdraw the Citi Application we feel it would be prudent to allow Adrienne time to file for emergent relief, which we understand she would do this week. Please advise at your earliest convenience. Thank you.

Cora



| | |
|---|---|
| **MDMC** | **Cora MacLean**<br>Associate<br>**McElroy, Deutsch, Mulvaney & Carpenter, LLP** |
| www.mdmc-law.com<br>1300 Mt. Kemble Avenue<br>P.O. Box 2075<br>Morristown, New Jersey 07962-2075 | cmaclean@mdmc-law.com<br>Download vCard<br>973-425-4233<br>973-425-0161 |

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

---

**From:** Koch, Adrienne B. [mailto:AKoch@katskykorins.com]
**Sent:** Tuesday, May 06, 2014 3:12 PM
**To:** J. Michael Riordan; Olav Haazen

2

**Cc:** Cora MacLean
**Subject:** Mees/Citi

Dear Counsel:

Please see attached letter. Thank you.

Best regards,
Adrienne

*Adrienne B. Koch*
*Katsky Korins LLP*
*605 Third Avenue*
*New York, New York 10158*
*www.katskykorins.com*
*tel: 212-716-3225*
*direct fax: 212-716-3349*
*email: akoch@katskykorins.com*

========================================================================
To comply with U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

****************************************************************

This e-mail and any attached file is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this email in error, please immediately notify us by calling Adam Rosenfeld at (212) 716-3245 or email to arosenfeld@katskykorins.com.
========================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# EXHIBIT B

**From:** Olav Haazen [mailto:OHaazen@BSFLLP.com]
**Sent:** Tuesday, May 06, 2014 7:35 PM
**To:** J. Michael Riordan; Cora MacLean; 'Koch, Adrienne B.'
**Subject:** RE: Mees/Citi

Michael – like yourself, we are also trying to figure out what our position is. And like yourself and Adrienne, I also need to review the transcript, so I suggest we all do that first when it becomes available. Meanwhile, I do agree that it makes no sense for Citi to produce any documents if we withdraw the application, so I agree that you should hold off, as we consider the request for withdrawal. In other words, I am not expecting that you produce the documents in the meantime, and I'm not asking or insisting that you do.
I need to attend to family matters now. Let's plan on discussing tomorrow afternoon if necessary.


**From:** J. Michael Riordan [mailto:jmriordan@mdmc-law.com]
**Sent:** Tuesday, May 06, 2014 7:00 PM
**To:** Olav Haazen; Cora MacLean; 'Koch, Adrienne B.'
**Subject:** RE: Mees/Citi

Olav-First, we inquired about your position in response to Adrienne's initial question to you.We also advised that if you declined her request or failed to respond that we believe that it is appropriate , given what Ms.Koch relayed transpired in Court today, to hold any production by Citi to afford Ms.Koch the opportunity to make an emergent application to Judge Preska to ascertain if Judge Preska will extend that ruling to any proposed production by Citi.

Please advise if you would like to discuss and in the interest of time we will make ourselves available for a conference call with you and Ms.Koch.

Regards,JMR



**J. Michael Riordan**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jmriordan@mdmc-law.com
Download vCard
973-425-8676
973-425-0161

New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

**From:** Olav Haazen [mailto:OHaazen@BSFLLP.com]
**Sent:** Tuesday, May 06, 2014 6:52 PM
**To:** Cora MacLean; 'Koch, Adrienne B.'; J. Michael Riordan
**Subject:** RE: Mees/Citi

Cora-

You wrote yesterday that Citi would be making "a complete production on Wednesday" (i.e. tomorrow). Am I reading your message below correctly that it is now Citi's position that it will not make a production while we determine if we will agree to withdraw the application?

Sent with Good (www.good.com)

-----Original Message-----
**From:** Cora MacLean [cmaclean@mdmc-law.com]
**Sent:** Tuesday, May 06, 2014 05:33 PM Eastern Standard Time
**To:** 'Koch, Adrienne B.'; J. Michael Riordan; Olav Haazen
**Subject:** RE: Mees/Citi

Olav,

Please advise if you have a response to Adrienne's question regarding withdrawal of the Citi Application. Given our understanding of today's ruling (subject to receipt of the transcript), if you do not agree to withdraw the Citi Application we feel it would be prudent to allow Adrienne time to file for emergent relief, which we understand she would do this week. Please advise at your earliest convenience. Thank you.

Cora



**Cora MacLean**
Associate
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

cmaclean@mdmc-law.com
Download vCard
973-425-4233
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

**From:** Koch, Adrienne B. [mailto:AKoch@katskykorins.com]
**Sent:** Tuesday, May 06, 2014 3:12 PM
**To:** J. Michael Riordan; Olav Haazen
**Cc:** Cora MacLean
**Subject:** Mees/Citi

Dear Counsel:

Please see attached letter. Thank you.

Best regards,
Adrienne

*Adrienne B. Koch*
*Katsky Korins LLP*
*605 Third Avenue*
*New York, New York  10158*
*www.katskykorins.com*
*tel: 212-716-3225*
*direct fax: 212-716-3349*
*email: akoch@katskykorins.com*

==================================================================
To comply with U.S. Treasury regulations, we inform you that, unless
expressly stated otherwise, any U.S. federal tax advice contained in
this e-mail, including attachments, is not intended or written to be
used, and cannot be used, by any person for the purpose of avoiding
any penalties that may be imposed by the Internal Revenue Service.

*******************************************************************

This e-mail and any attached file is intended only for the person or
entity to which it is addressed and may contain information that is
privileged, confidential or otherwise protected from disclosure.
Dissemination, distribution or copying of this e-mail or the
information herein by anyone other than the intended recipient, or an
employee or agent responsible for delivering the message to the
intended recipient, is prohibited. If you have received this email in
error, please immediately notify us by calling Adam Rosenfeld at
(212) 716-3245 or email to arosenfeld@katskykorins.com.
==================================================================

IRS Circular 230 disclosure
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v 1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v 1]