# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

**J. Michael Riordan, Esq.**
Tel. (973) 425-8676
jmriordan@mdmc-law.com

June 2, 2014

**VIA E-FILING**

Honorable John F. Keenan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   **In re Application of Dr. Heleen Mees**
            **Case No. 14-MC-00056-P1**

Dear Judge Keenan:

    This firm represents Citigroup Inc. ("Citi")[1] in the above-captioned matter, which is now before the Court as a result of Dr. Heleen Mees' (Mees) May 22, 2014 request for an Order granting her March 10, 2014 Application pursuant to 28 U.S.C. § 1782(a) (the "Application to Citi")[2]. Specifically, Mees' Application to Citi, as filed, seeks leave to issue subpoenas to Citi for the production of documents and the taking of depositions, purportedly to be used to determine if Mees has grounds to file a lawsuit in the Netherlands (to which Citi would not be a party). After filing the Application to Citi, Mees filed a virtually identical Application seeking discovery from Willem Buiter ("Buiter") (the "Application to Buiter"). In fact, all of the documents sought in the Application to Buiter are sought in the Application to Citi, and like the Application to Citi, the Application to Buiter is premised on the theory that Mees needs the discovery sought in order to file the Netherlands lawsuit.

---

[1] References herein to "Citi" shall mean Citigroup Inc., its subsidiaries, and its and their affiliates, including, but not limited to Citigroup Global Markets Inc.

[2] On May 23, 2014, Judge Gardephe ordered that Citi and Buiter file any opposition to the Application to Citi by June 2, 2014, and further ordered that oral argument on the matter would be heard before Your Honor on June 5, 2014. Counsel for Buiter has indicated that he will file opposition in light of Judge Preska's ruling. For its part, in lieu of a formal brief in opposition, Citi submits this letter to clarify the procedural history of this matter and to set forth Citi's position on the disposition of the Application.

NEW JERSEY    NEW YORK    PENNSYLVANIA    CONNECTICUT    MASSACHUSETTS    COLORADO    DELAWARE

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

June 2, 2014
Page 2

On May 6, 2014, Judge Preska denied the Application to Buiter, in its entirety, holding that Mees was not entitled to the discovery sought because, inter alia, it was not necessary to frame a Complaint. For the reasons summarized herein, Citi believes that Mees' Application to Citi is collaterally estopped by Judge Preska's ruling. If, however, the Court declines to follow Judge Preska's ruling on essentially the same Application Mees sought as to Buiter, then the Application to Citi should be narrowed materially in accordance with the Parties' negotiations with respect thereto, i.e., to provide for a narrower document production and no depositions at this time (or without further opportunity for Citi after any document production, to address why any depositions are unnecessary).

### The Procedural History

The procedural history in this matter is relatively straight forward, yet an accurate recitation of recent events is conspicuously absent from Mees' pending request for approval of the Application to Citi. Critically, Mees' allegation that Citi did not object to the Application to Citi and that it should therefore be approved in its entirety is false. While Citi did not submit an omnibus opposition to the Application to Citi, Citi did have multiple objections to the document and depositions requested therein. Thus, Citi, which is essentially an interpleader party, involved in this matter merely as a custodian of documents, undertook significant time and expense to negotiate with Mees to reach agreement on (1) a narrowed scope of the document requests (including, for example, the specific search terms that Citi would utilize when searching for documents), and (2) a Consent Protective Order (to which Buiter is also a Party).

Additionally, Citi and Mees agreed to table the issue of depositions of Citi employees until Mees reviewed Citi's production. Thereafter, the Parties agreed they would discuss whether depositions were, in fact, necessary, or, if any further information were legitimately required whether it could be obtained by written questions in order to avoid burdening non-party witnesses who may reside in foreign jurisdictions. Citi absolutely reserved all rights to object to the deposition notices in the event that Citi and Mees ultimately reached impasse. In sum, Mees' suggestion that Citi did not object to the Application to Citi is misleading and ignores the painstaking negotiations that took place throughout March and April 2014.[3]

Regardless, prior to Citi making any production, on May 6, 2014 Judge Preska issued her ruling on the Application to Buiter. Within hours, counsel for Buiter wrote to counsel for Mees asking if she would agree to withdraw the Application to Citi. Counsel for Buiter further inquired of Citi whether, in the event Mees would not withdraw the

---

[3] Citi initially declined to submit an omnibus objection only because Mees and Citi instead negotiated over multiple objectionable portions of the Application, in the event that the Court does not deny the Application, Mees should not be permitted to ignore the negotiated terms she agreed to with Citi, and those terms should be incorporated into any Order issued by the Court.

2302582

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

June 2, 2014
Page 3

Application to Citi, Citi would agree not to produce documents until Buiter had the opportunity to move for a protective order precluding any production in light of Judge Preska's ruling. In response, counsel for all three Parties agreed to hold any production of documents in abeyance while Mees considered her options in light of Judge Preska's ruling. Specifically, counsel for Mees stated as follows:

> I do agree that it makes no sense for Citi to produce any documents if we withdraw the application, so I agree that you should hold off, as we consider the request for withdrawal. In other words, I am not expecting that you produce the documents in the meantime, and I'm not asking or insisting that you do.

May 6, 2014 Correspondence from Olav Haazen to J. Michael Riordan, attached hereto as Exhibit A.

Thereafter, Citi received no communication from Mees' counsel indicating whether Mees planned to pursue the Application to Citi. Then, more than two weeks later, after Judge Preska's time as the assigned Part I judge expired, Mees wrote to Judge Gardephe requesting approval of the Application to Citi. While Citi will obviously abide the Court's ruling, Citi agrees (like Judge Preska) with Buiter's arguments regarding the lack of merit of Mees' Applications, and Citi notes that the timing of Mees' instant request to the Court suggests an attempt to undermine Judge Preska's thorough decision.

In sum, the procedural history confirms that Citi did in fact have multiple objections to the Application to Citi, which it attempted to negotiate with Mees. Then, before any subpoenas were issued, and before Citi made any production, Judge Preska denied an identical Application to Buiter. The Parties then agreed to hold any production by Citi in abeyance while Mees decided whether to withdraw the Application to Citi. When Mees then decided to pursue the Application, she did so after waiting several weeks when she knew she could direct her request to a Judge other than Judge Preska. Gamesmanship aside, Citi is unaware of any factors that distinguish the Application to Citi from the Application to Buiter that was already denied, and thus, given that the discovery sought in both Applications is identical, Citi agrees with Buiter that Mees should be estopped from seeking the same discovery from Citi that Judge Preska already denied from Buiter.

## Conclusion

In light of the foregoing, Citi joins in Buiter's request that the Court deny Mees' request for an Order and dismiss the Application to Citi. In the alternative, if the Court does issue an Order requiring discovery, Citi requests that the Order incorporate the Parties' Consent Protective Order, and the other agreements between Citi and Mees

2302582

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

June 2, 2014
Page 4

regarding the scope of any document production and the treatment of the deposition notices to Citi's non-party witnesses.

Counsel for Citi will appear for oral argument on June 5, 2014 in accordance with Judge Gardephe's instructions. If the Court requires any additional briefing prior to oral argument we will comply as soon as possible. We thank the Court for its consideration of this matter.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

s/ J. Michael Riordan

J. Michael Riordan

JMR/lbm
cc:  Olav A. Haazen, Esq.
     Adrienne Koch, Esq.

2302582

# EXHIBIT A

**From:** Olav Haazen [mailto:OHaazen@BSFLLP.com]
**Sent:** Tuesday, May 06, 2014 7:35 PM
**To:** J. Michael Riordan; Cora MacLean; 'Koch, Adrienne B.'
**Subject:** RE: Mees/Citi

Michael – like yourself, we are also trying to figure out what our position is. And like yourself and Adrienne, I also need to review the transcript, so I suggest we all do that first when it becomes available. Meanwhile, I do agree that it makes no sense for Citi to produce any documents if we withdraw the application, so I agree that you should hold off, as we consider the request for withdrawal. In other words, I am not expecting that you produce the documents in the meantime, and I'm not asking or insisting that you do.
I need to attend to family matters now. Let's plan on discussing tomorrow afternoon if necessary.

**From:** J. Michael Riordan [mailto:jmriordan@mdmc-law.com]
**Sent:** Tuesday, May 06, 2014 7:00 PM
**To:** Olav Haazen; Cora MacLean; 'Koch, Adrienne B.'
**Subject:** RE: Mees/Citi

Olav-First, we inquired about your position in response to Adrienne's initial question to you. We also advised that if you declined her request or failed to respond that we believe that it is appropriate, given what Ms.Koch relayed transpired in Court today, to hold any production by Citi to afford Ms.Koch the opportunity to make an emergent application to Judge Preska to ascertain if Judge Preska will extend that ruling to any proposed production by Citi.

Please advise if you would like to discuss and in the interest of time we will make ourselves available for a conference call with you and Ms.Koch.

Regards,JMR



**J. Michael Riordan**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jmriordan@mdmc-law.com
Download vCard
973-425-8676
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

**From:** Olav Haazen [mailto:OHaazen@BSFLLP.com]
**Sent:** Tuesday, May 06, 2014 6:52 PM
**To:** Cora MacLean; 'Koch, Adrienne B.'; J. Michael Riordan
**Subject:** RE: Mees/Citi

Cora-

You wrote yesterday that Citi would be making "a complete production on Wednesday" (i.e. tomorrow). Am I reading your message below correctly that it is now Citi's position that it will not make a production while we determine if we will agree to withdraw the application?

Sent with Good (www.good.com)

-----Original Message-----
**From:** Cora MacLean [cmaclean@mdmc-law.com]
**Sent:** Tuesday, May 06, 2014 05:33 PM Eastern Standard Time
**To:** 'Koch, Adrienne B.'; J. Michael Riordan; Olav Haazen
**Subject:** RE: Mees/Citi

Olav,

Please advise if you have a response to Adrienne's question regarding withdrawal of the Citi Application. Given our understanding of today's ruling (subject to receipt of the transcript), if you do not agree to withdraw the Citi Application we feel it would be prudent to allow Adrienne time to file for emergent relief, which we understand she would do this week. Please advise at your earliest convenience. Thank you.

Cora

**MDMC**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**Cora MacLean**
Associate
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

cmaclean@mdmc-law.com
Download vCard
973-425-4233
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

**From:** Koch, Adrienne B. [mailto:AKoch@katskykorins.com]
**Sent:** Tuesday, May 06, 2014 3:12 PM
**To:** J. Michael Riordan; Olav Haazen
**Cc:** Cora MacLean
**Subject:** Mees/Citi

Dear Counsel:

Please see attached letter. Thank you.

Best regards,
Adrienne

*Adrienne B. Koch*
*Katsky Korins LLP*
*605 Third Avenue*
*New York, New York  10158*
*www.katskykorins.com*
*tel: 212-716-3225*
*direct fax: 212-716-3349*
*email: akoch@katskykorins.com*

===========================================================================
To comply with U.S. Treasury regulations, we inform you that, unless
expressly stated otherwise, any U.S. federal tax advice contained in
this e-mail, including attachments, is not intended or written to be
used, and cannot be used, by any person for the purpose of avoiding
any penalties that may be imposed by the Internal Revenue Service.

****************************************************************

This e-mail and any attached file is intended only for the person or
entity to which it is addressed and may contain information that is
privileged, confidential or otherwise protected from disclosure.
Dissemination, distribution or copying of this e-mail or the
information herein by anyone other than the intended recipient, or an
employee or agent responsible for delivering the message to the
intended recipient, is prohibited. If you have received this email in
error, please immediately notify us by calling Adam Rosenfeld at
(212) 716-3245 or email to arosenfeld@katskykorins.com.
===========================================================================

IRS Circular 230 disclosure
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U S federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used  for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law  If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived  If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer  [v 1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law  If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived  If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer  [v 1]